FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

2017 JUL -3 PM 1: 02

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

CASE NO.

RAYMOND BICKNELL AND
MAUREEN BICKNELL,

 Plaintiffs,

v.

2:17-cV-374-FtM-99CM

U-HAUL CO OF FLORIDA,

 Defendant.
_____/

## COMPLAINT

Plaintiffs, RAYMOND BICKNELL AND MAUREEN D. BICKNELL, ("RB" and "MB", respectively and collectively, "Plaintiffs"), by and through their undersigned attorney, hereby file this Complaint against U-HAUL CO OF FLORIDA (hereinafter, "Defendant" or "U-HAUL"), and says:

### JURISDICTION AND VENUE

1. This action is brought against the Defendant pursuant to 29 U.S.C. § 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper in the Middle District of Florida because Plaintiffs were employed by Defendant in this District; because Defendant, at all material times, conducted and continues to conduct business in the Middle District of Florida; because the acts that give rise to

1

Plaintiffs' claims occurred within the Middle District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendant is subject to personal jurisdiction herein.

4. Plaintiffs say that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

## PARTIES

5. Plaintiff RB is a resident of the Middle District of Florida. During all times relevant to this Complaint, Plaintiff RB was employed by U-HAUL in a non-exempt quasi-managerial capacity, paid hourly, and on rare occasion, paid a small amount of overtime. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

6. Plaintiff MB is a resident of the Middle District of Florida. During all times relevant to this Complaint, Plaintiff MB was employed by U-HAUL in a non-exempt quasi-managerial capacity, paid hourly, and on rare occasion, paid a small amount of overtime. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e)

7. U-HAUL is a Florida corporation and registered to do business within the State of Florida. Defendant conducts substantial business within the Middle District of Florida and all the events complained of herein occurred within the District. Defendant U-HAUL has, at all times material hereto, conducted substantial and continuous business within the Middle District of Florida, and is subject to the laws of the United States and the State of Florida.

8. Defendant U-HAUL is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have

been moved in or produced for commerce by any person. U-HAUL is a truck rental and storage company engaged in using goods across interstate lines.

9. At all times material to this Complaint, Defendant U-HAUL has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

10. Defendant, upon knowledge and belief, has gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

## GENERAL ALLEGATIONS

11. Plaintiff RB is a non-exempt employee of Defendant and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this complaint.

12. Plaintiff MB is a non-exempt employee of Defendant and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this complaint.

13. At all times pertinent to this action, Defendant failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiffs performed services for Defendant for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

14. Plaintiff RB has worked for Defendant from ____September 28, 2009___ through April 17, 2017. Plaintiff RB performed work in a non-exempt quasi-management role that included many non-exempt functions such as inside sales and general labor. Plaintiff RB

worked an average of about 80 hours per week throughout his employment which included Saturdays and Sundays, in addition to the regular Monday through Friday.

15. Plaintiff MB has worked for Defendant from ___October 5, 2009_____ through the present. Plaintiff MB performed work in a non-exempt quasi-management role that included many non-exempt functions such as inside sales and general labor. Plaintiff MB worked an average of about 80 hours per week throughout her employment which included Saturdays and Sundays, in addition to the regular Monday through Friday.

16. Plaintiff RB was compensated at a base rate of $10.17/hour.

17. Plaintiff MB was compensated at a base rate of $16.25/hour

18. Plaintiffs were permitted to clock in for the first forty (40) hours worked per week and then were required to continue working off the clock. A review of their timecards will reflect that virtually all of their weekly hours began Monday morning and concluded sometime on Wednesday or Thursday of each week when they hit forty (40) hours on the clock.

19. The Defendant maintained complete control over the hours Plaintiffs worked and the pay they were to receive.

20. Plaintiffs have retained the undersigned firm to prosecute this action on their behalf and have agreed to pay it a reasonable fee for its services.

21. Plaintiffs are entitled to their reasonable attorneys' fees and costs if either or both is/are the prevailing party in this action.

## COUNT ONE – VIOLATION OF FLSA / OVERTIME

22. Plaintiffs re-allege and re-aver paragraphs 1–21 as though fully set forth herein.

23. Since the commencement of Plaintiffs employment, Defendant has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing Plaintiffs who were each engaged in commerce for workweeks longer than forty (40) hours without compensating them for all hours worked in excess of forty (40) hours at a rate not less than one and one half times their regular rates.

24. Specifically, RB worked approximately 80 hours during each work week in which he was employed during the relevant time period, but was compensated at an hourly rate for only 40 regular hours, or less, each week between June 2014 and June 2017.

25. Specifically, MB worked approximately 80 hours during each work week in which she was employed during the relevant time period, but was compensated at an hourly rate for only 40 regular hours, or less, each week between June 2014 and June 2017.

26. It is assumed, without access to all the relevant records which Plaintiffs believe are in the possession, custody, or control of Defendant, that any wages paid to Plaintiffs were to compensate them only for 40 hours of work per week. Plaintiffs therefore claim they are owed time and one-half for all hours worked over 40 in a work-week.

27. Plaintiff RB was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was neither bona fide executive, administrative, or professional employees. Plaintiff was performing a variety of functions including inside sales, general labor and other non-exempt roles.

28. Plaintiff MB was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that she was neither bona fide executive,

administrative, or professional employees. Plaintiff was performing a variety of functions including inside sales, general labor and other non-exempt roles

29. Defendant has knowingly and willfully failed to pay Plaintiffs at time and one half of their regular rate of pay for all hours worked in excess of forty (40) per week during the relevant time period.

30. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiffs have suffered damages plus incurring costs and reasonable attorneys' fees.

31. As a result of Defendant's willful violations of the Act, Plaintiffs are entitled to liquidated damages.

32. Plaintiffs have retained the undersigned counsel to represent them in this action, and pursuant to 29 U.S.C. §216(b), Plaintiffs are entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendant.

**WHEREFORE**, for workweeks within three (3) years of the filing of this Complaint, Plaintiffs RB and MB demand judgment for:

a) Overtime payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FLSA.

b) Interest on the amount found due;

c) Liquidated damages;

d) A jury trial on all issues so triable;

e) Assessment against Defendant of reasonable costs and reasonable attorney's fees of this action; and

f) Such other relief as the Court deems just and proper.

### **COUNT II: VIOLATION OF FLSA / MINIMUM WAGE**

33. Plaintiffs re-allege and re-aver paragraphs 1–21, as fully set forth herein.

34. During the course of Plaintiffs' employment with Defendant, Plaintiffs were not compensated at all for hours worked in excess of forty (40) per week for Defendant. Between June 2014 and June 2017, Plaintiffs RB worked approximately eighty (80) hours per week for which he was only paid for forty (40) and MB worked approximately sixty-five (65) hours per week for which she was only paid for forty (40).

35. The Defendant willfully violated §§ 6 and 15 of the FLSA by failing to compensate Plaintiffs at a rate equal to the federal minimum wage for work performed while Defendant employed Plaintiffs during the relevant time period.

36. As a direct result of Defendant's willful violation of federal laws, Plaintiffs have suffered damages, including wages, liquidated damages, and costs and fees associated with this action.

WHEREFORE, for workweeks within three (3) years of the filing of this Complaint, Plaintiffs request judgment for:

a) Minimum wage payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiffs by reason of Defendant's violation of the FLSA.

b) Interest on the amount found due;

c) Liquidated and compensatory damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

d) A jury trial on all issues so triable;

e) Assessment against Defendant of reasonable costs and reasonable attorney's fees of this action; and

f) Such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs RAYMOND BICKNELL AND MAUREEN BICKNELL hereby demand a trial by jury on all issues contained herein so triable as a matter of right.

Dated: June _29_, 2017

          **EISS MASSILLON, P.L.**
          Attorneys for Plaintiff
          7951 SW 6th Street, Suite 308
          Plantation, Florida 33324
          (954) 914-7890 (Telephone)
          (855) 423-5298 (Facsimile)

By:   **/s/ Charles Eiss**
          CHARLES M. EISS, Esq.
          Fla. Bar #612073
          Chuck@eissmassillon.com
          LINDSAY M. MASSILLON, Esq.
          Fla. Bar #92098
          Lindsay@eissmassillon.com